IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SAWELIJA TYREE FLOYD, | ) | |
| # 190962, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:10cv922-TMH |
| | ) | (WO) |
| TONY PATTERSON, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court on a petition for a writ of habeas corpus under 28

U.S.C. § 2254 filed by Alabama inmate Sawelija Tyree Floyd ("Floyd").

## I.   BACKGROUND

On March 20, 2007, a jury in Lee County, Alabama, found Floyd guilty of trafficking

in cocaine in violation of § 13A-12-231, Ala. Code 1975; possession of marijuana, in

violation of § 13A-12-213, Ala. Code 1975; and resisting arrest, in violation of § 13A-10-41,

Ala. Code 1975.  On May 17, 2007, the trial court sentenced Floyd as a habitual offender to

life in prison for trafficking in cocaine, fifteen years for possession of marijuana, and six

months for resisting arrest, all terms to run concurrently.

Floyd appealed, raising the following claims:

1.    The trial court erred in denying his motion to suppress the
      State's evidence, because the police unlawfully stopped his
      vehicle, and subsequently searched and arrested him, without

    reasonable suspicion or probable cause, in violation of the Fourth Amendment.

2.  The evidence presented was insufficient to sustain his convictions

3.  The trial court erred in denying the defense's *Batson* motion.

4.  The trial court denied in the denying the defense's challenge for cause during jury selection.

Exh. C at 4.[1]

  On April 4, 2008, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed Floyd's convictions and sentence. Exh. D. The appellate court overruled Floyd's application for rehearing on April 25, 2008. On May 9, 2008, Floyd petitioned the Alabama Supreme Court for certiorari review (Exh. E); however, on May 13, 2008, that court struck Floyd's petition under Ala.R.App.P. 39(c)(2).[2] Exh. F. The Alabama Court of Criminal Appeals issued a certificate of judgment on May 14, 2008. Exh. G.

  On September 5, 2008, Floyd filed with the trial court (the Circuit Court of Lee County) a post-conviction petition pursuant to Ala.R.Crim.P. 32, asserting the following claims:

1.  The prosecutor committed misconduct when asking a police

---

[1] In this and other sections of this Recommendation, all references to exhibits ("Exh.") are to those included with the respondents' answer, Doc. No. 9. References to document numbers are to those assigned by the Clerk. Page references are to those assigned by CM/ECF.

[2] Ala.R.App.P. 39(c)(2) requires that the petition for writ of certiorari, with accompanying brief, be filed with the clerk of the Alabama Supreme Court within 14 days after the Court of Criminal Appeals' decision on an application for rehearing.

officer during trial if Floyd knew the officer prior to his arrest.

2.      His appellate counsel was ineffective for failing to argue on appeal that the prosecutor committed misconduct during questioning of the police officer who testified at trial.

3.      His appellate counsel was ineffective for failing to argue on appeal that his trial counsel was ineffective for failing to (a) object to the prosecutor's improper closing argument, (b) challenge the chain of custody of the drug evidence, and (c) object to the racial composition of the jury venire on the ground that it did not represent a fair cross-section of the community.

Exh. H at 7-51.

On October 20, 2008, the trial court entered a written order denying Floyd's Rule 32 petition, determining that all of Floyd's claims were without merit. Exh. H at 69-73. Floyd appealed, reasserting the same claims of ineffective assistance of counsel and arguing that the trial court erred in summarily denying his petition. Exh. I.

On July 24, 2009, the Alabama Court of Criminal Appeals entered a memorandum opinion affirming the trial court's denial of Floyd's Rule 32 petition. Exh. J. The appellate court overruled Floyd's application for rehearing on August 14, 2009, and the Alabama Supreme Court denied his petition for certiorari review on November 13, 2009. A certificate of judgment was issued on November 13, 2009. Exh. K.

Floyd filed this 28 U.S.C. § 2254 petition for habeas corpus relief (Doc. No. 1) on October 26, 2010. In his petition, Floyd asserts the following claims:

1.      His motion to suppress the State's evidence should have been granted, because the traffic stop of his vehicle was effected

without reasonable suspicion or probable cause, in violation of the Fourth Amendment.

2. The evidence was insufficient to sustain his controlled substance convictions because the drugs were not recovered from his person.

3. His jury was unconstitutionally selected, because (a) the State exercised its peremptory strikes in a racially discriminatory manner and (b) the racial composition of the jury venire did not represent a fair cross-section of the community.

4. There was a break in the chain of custody of the drug evidence, as reflected in the differences in the weight of the crack cocaine "when weighed by the detective" at the scene of its seizure and later when weighed at the testing laboratory.

5. His trial counsel rendered ineffective assistance of counsel by failing to (a) challenge the chain of custody of the drug evidence, (b) object to the prosecutor's improper closing argument, and (c) object to the racial discrimination in the selection of the jury venire and the trial jury.

6. His appellate counsel rendered ineffective assistance of counsel by failing to raise claims of ineffective assistance of trial counsel and by raising claims that were not preserved for appellate review.

Doc. No. 1 at 5-16.

On December 7, 2010, the respondents filed an answer to Floyd's petition, and on December 27, 2010, Floyd filed a response thereto. Doc. Nos. 9 & 13. Following a careful review of Floyd's petition and the parties' submissions, the undersigned finds, for the reasons set forth below, that Floyd is not entitled to habeas relief on the basis of any of his claims and that his petition should be denied without an evidentiary hearing. Rule 8(a), *Rules Governing*

4

*Section 2254 Cases in United States District Courts*.

## II.   DISCUSSION

### A.   Claimed Fourth Amendment Violation

Floyd contends that the police unlawfully stopped his vehicle without reasonable suspicion or probable cause, in violation of the Fourth Amendment.  Doc. No. 1 at 5-6.  The respondents counter that this claim is procedurally defaulted, as it was raised in a pretrial motion to suppress and in Floyd's direct appeal before the Alabama Court of Criminal Appeals, but Floyd's petition for writ of certiorari with the Alabama Supreme Court was struck for noncompliance with Ala.R.App.P. 39(c)(2), and thus the claim was not properly presented to the state courts in accordance with applicable procedural rules and federal law. In addition, the respondents argue that, under *Stone v. Powell*, 428 U.S. 465 (1976), this claim is not subject to federal habeas review because the state courts provided Floyd an opportunity for full and fair litigation of the Fourth Amendment issue.

### 1.   *Procedural Default*

A state prisoner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  *See also* 28 U.S.C. § 2254(b)(1) (a prisoner in state custody shall not be granted a writ of habeas corpus unless the prisoner "has exhausted the remedies available in the courts of the State.").  The exhaustion doctrine requires that a petitioner "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete

round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.   In Alabama, the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to the Alabama Court of Criminal Appeals, and an application for discretionary review by the Alabama Supreme Court.   *See* Ala. R.App.P. 4 & 39–40.   A state prisoner's failure to present his claims to the state courts in the proper manner results in a procedural default of those claims.   *O'Sullivan*, 526 U.S. at 848. The doctrine of procedural default, as it relates to petitions filed under 28 U.S.C. § 2254, arises from principles of comity and federalism.   *Francis v. Henderson*, 425 U.S. 536, 541 (1976).

Once a federal claim is procedurally defaulted in state court, a state habeas petitioner "is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." *Bailey v. Nagle,* 172 F.3d 1299, 1302 (11th Cir. 1999) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).   "[C]ause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" or that the procedural default was the result of ineffective assistance of counsel.   *Murray v. Carrier*, 477 U.S. 478, 488 (1986).   Prejudice, in this context, means a reasonable probability that the outcome would have been different.   *Jenkins v. Bullard*, 210 Fed. App'x 895, 898–901 (11th Cir. 2006).   In the absence of a showing of cause and prejudice, the court may yet consider a procedurally defaulted claim if a "fundamental miscarriage of justice" has

"probably resulted in the conviction of one who is actually innocent." *Smith v. Murray*, 477 U.S. 527, 537–38 (1986). Absent one of these exceptions, however, procedurally defaulted claims cannot be raised in federal habeas corpus petitions. *Kelley v. Secretary for the Dep't of Corrs.*, 377 F.3d 1317, 1343–45 (11th Cir. 2004).

The respondents correctly argue that because Floyd's petition for writ of certiorari with the Alabama Supreme Court was struck for noncompliance with Ala.R.App.P. 39(c)(2), Floyd failed to exhaust his Fourth Amendment claim properly in the state courts. No state remedy remains by which Floyd may now present this unexhausted claim, because any attempt to exhaust the claim in state court would now be barred by applicable state procedural rules. "[W]hen a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure ... constitutes a procedural bar." *McNair v. Campbell*, 416 F.3d 1291, 1305 (11th Cir. 2005). Thus, Floyd's claim is procedurally defaulted.

Floyd somewhat vaguely suggests as cause for his failure to exhaust this claim that his appellate counsel rendered ineffective assistance by failing to file a petition for writ of certiorari with the Alabama Supreme Court in compliance with the requirements of Ala.R.App.P. 39(c)(2). *See* Doc. No. 1 at 5. However, Floyd never raised this ineffective assistance claim in state court, and he is now procedurally barred from raising the claim there. He makes no attempt to establish cause and prejudice excusing his procedural default of this ineffective assistance claim, and therefore he is barred from using it as a basis for

cause to excuse his procedural default of the underlying claim.  *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000); *Henderson v. Campbell*, 353 F.3d 880, 896-97 (11th Cir. 2003). Floyd also fails to make the requisite showing to establish his actual innocence, and indeed makes no attempt to do so.  *See Schlup v. Delo*, 513 U.S. 298, 327-28 (1995).  Consequently, his procedurally defaulted claim is foreclosed from federal habeas review.

### 2.   *Stone v. Powell* Doctrine

Even if Floyd's Fourth Amendment claim is not otherwise procedurally defaulted, this court need not belabor its discussion of the claim.  Under *Stone v. Powell,* 428 U.S. 465, 482 (1976), "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  This rule applies to all claims arising under the Fourth Amendment.[3]  *See, e.g., Cardwell v. Taylor*, 461 U.S. 571, 572 (1986).  Floyd was afforded an evidentiary hearing in the trial court on his motion to suppress, after which the trial court entered an order containing findings of fact and conclusions of law and denying Floyd's motion.  *See* Exh. B[4] & Exh. B-2 at 1-3.  On direct appeal, the Alabama Court of Criminal

---

[3] The rule in *Stone* is applicable despite *legal or factual error* in the state court, and does *not* require a federal court to review the state court's factfinding or its application of Fourth Amendment law.  *See Willett v. Lockhart*, 37 F.3d 1265, 1272-73 (8th Cir. 1994) (federal courts "are not to consider whether full and fair litigation of the claims in fact occurred in the state courts, but only whether the state provided an opportunity for such litigation.").

[4] The respondents included a copy of the 48-page transcript of the suppression hearing with their (continued...)

8

Appeals rejected Floyd's claim that his motion to suppress should have been granted, finding

in pertinent part as follows:

> Floyd claims that the trial court erred in denying his motion to suppress because, he says, the officers had no legal basis to stop him. Floyd argues that he did not commit any traffic violations and that the officers fabricated the traffic violations so that they could stop him.

> > "In reviewing a trial court's ruling on a motion to suppress, this Court reviews the trial court's findings of fact under an abuse-of-discretion standard of review. 'When evidence is presented *ore tenus* to the trial court, the court's findings of fact based on that evidence are presumed to be correct,' *Ex parte Perkins*, 646 So. 2d 46, 41 (Ala. 1994); '[w]e indulge a presumption that the trial court properly ruled on the weight and probative force of the evidence,' *Bradley v. State*, 494 So. 2d 750, 761 (Ala. Crim. App. 1985), aff'd, 494 So. 2d 772 (Ala. 1986); and we make '"all the reasonable inferences and credibility choices supportive of the decision of the trial court."' *Kennedy v. State*, 640 So. 2d 22, 26 (Ala. Crim. App. 1993), quoting *Bradley*, 494 So. 2d at 761. '[A]ny conflicts in the testimony or credibility of witnesses during a suppression hearing is a matter for resolution by the trial court.... Absent a gross abuse of discretion, a trial court's resolution of [such] conflict[s] should not be reversed on appeal.' *Sheely v. State*, 629 So. 2d 23, 29 (Ala. Crim. App. 1993)."

*State v. Hargett*, 935 So. 2d 1200, 1203 (Ala. Crim. App. 2005).

> It is well settled that "law-enforcement officers may stop a vehicle for investigatory purposes based on a traffic violation." *State v. Rodgers*, 903 So. 2d 176, 178 (Ala. Crim. App. 2004). Speeding and turning without properly using a signal are traffic violations. *See* § 32-5A-171 and § 32-5A-133, Ala. Code 1975. Evidence presented at the hearing on the motion to suppress indicated that Officers Kendall and Maddox were on patrol in an unmarked

---

[4](...continued)
answer. Exh. B.

police vehicle when they saw a blue Cadillac they believed to be speeding. The officers followed the Cadillac and determined that the vehicle was, in fact, speeding. When the Cadillac turned into a service station, the officers continued on the road and turned into a nearby parking lot. When the Cadillac left the service station, the officers again followed. The Cadillac's driver again drove in excess of the speed limit and made two turns without signaling. When the Cadillac pulled into another service station, the officers decided to initiate a traffic stop. They engaged their emergency lights and pulled into the service station beside the Cadillac.

Floyd and McCray, his passenger, testified that Floyd was not speeding and that Floyd had used his turn signals when turning. Floyd further testified that he recognized the officers as police. The trial court denied Floyd's motion to suppress, finding that the credibility of the officer exceeded the credibility of the others and that the officer's testimony established probable cause to stop Floyd. There is nothing in the record suggesting the trial court's credibility choice was an abuse of discretion. *Hargett*, 935 So. 2d at 1203.

Moreover, contrary to Floyd's assertions, this Court has held that the fact that no traffic citation was issued as a result of the stop did not retroactively eliminate the initial basis for the stop:

> "Here, Officer Perkins testified that he saw the sport utility vehicle Brown was driving stop at a green light, weave in the right lane, and then turn left on a red light. (R. 84-85.) Failure to obey a traffic-control device is a violation of § 35-5A-3 and 32-5A-31, Ala. Code 1975. Thus, Officer Perkins had probable cause to believe a traffic violation had occurred and to stop Brown's vehicle. We reject Brown's contention that because Officer Perkins did not issue a traffic citation the stop was unlawful. Probable cause to stop Brown's vehicle was established when Officer Perkins witnessed the traffic offense. The failure to issue a traffic citation does not negate Officer Perkins's probable cause to stop Brown's vehicle. Based on the record before us, the initial stop of Brown's vehicle was legal. *Adams v. State*, 815 So. 2d 574 (Ala. Crim. App. 1999)."

*Brown v. State*, 821 So. 2d 219, 224 (Ala. Crim. App. 2000).

> Similarly, here, the officers had probable cause to stop Floyd's vehicle based on their witnessing Floyd commit traffic violations.  Failure to issue a citation , does  not retroactively eliminate the probable cause for a traffic stop. Therefore, the initial stop of Floyd's vehicle was lawful.

Exh. D at 3-5.

Here, for purposes of *Stone*, Floyd clearly had a "full and fair" opportunity to litigate his Fourth Amendment claim in the state courts.  He was afforded an evidentiary hearing in the trial court on his motion to suppress, followed with a direct appeal to the Alabama Court of Criminal Appeals and an application for discretionary review by the Alabama Supreme Court.  The trial court's order denying Floyd's motion to suppress and the appellate opinion by the Alabama Court of Criminal Appeals make plain that both the trial court and the appellate court fully and fairly considered the Fourth Amendment claim raised by Floyd. Under the principle set forth by the United States Supreme Court in *Stone v. Powell*, this court is precluded from reviewing the state court's determination.  *See Peoples v. Campbell*, 377 F.3d 1208, 1225 (11th Cir. 2004); *Huynh v. King*, 95 F.3d 1052, 1057–58 (11th Cir. 1996); *Morgan v. Estelle*, 588 F.2d 934, 940 (5th Cir. 1979).

**B.     Claim That Evidence Was Insufficient to Sustain Controlled Substance Convictions**

Floyd claims that the evidence was insufficient to sustain his controlled substance convictions because the drugs were not recovered from him but were instead found on the floor of the service station he entered immediately after the police pulled over his vehicle. Doc. No. 1 at 10.  The respondents maintain, as with Floyd's previous claim, that Floyd

failed to exhaust this claim properly in the state courts when the Alabama Supreme Court struck his petition for writ of certiorari for noncompliance with Ala.R.App.P. 39(c)(2).  In addition, the respondents contend that because the highest state court to consider this claim – the Alabama Court of Criminal Appeals – explicitly ruled that this claim was procedurally barred, the claim is procedurally barred from federal habeas review.  The undersigned agrees.

As with Floyd's other claims raised on direct appeal, Floyd did not properly exhaust this claim in the state courts, and any attempt to exhaust the claim in state court would now be barred.  Moreover, the state appellate court correctly applied a procedural bar principle of state law when it ruled that Floyd had failed to preserve his sufficiency-of-the-evidence claim for appellate review because the arguments presented in his appellate brief addressed the weight of the evidence, and not its legal sufficiency, and because Floyd violated Ala.R.App.P. 28(a)(10) by failing to cite to legal authority and relevant portions of the record in arguing this issue on appeal.  *See Hamm v. State*, 913 So.2d 460 (Ala. Crim. App. 2002).  Floyd does not establish "cause and prejudice" or "actual innocence" to excuse his procedural default.[5]  *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991).  Accordingly, this claim is procedurally defaulted for purposes of federal habeas review.

---

[5] In state court, Floyd never raised a claim of ineffective assistance of counsel premised on counsel's failure to comply with Ala.R.App.P. 39(c)(2) when filing a petition for writ of certiorari with the Alabama Supreme Court, or to comply with Ala.R.App.P. 28(a)(10) or otherwise properly present a sufficiency-of-the-evidence claim in the brief filed on direct appeal with the Alabama Court of Criminal Appeals.  Therefore, Floyd is barred from using a claim of ineffective assistance in this regard as a basis for cause to excuse his procedural default of the underlying sufficiency-of-the-evidence claim.  *Edwards*, 529 U.S. at 451-52; *Henderson*, 353 F.3d at 896-97.

C.   *Batson* Claim

Floyd contends that the State exercised its peremptory strikes against prospective

jurors in a racially discriminatory manner and that the trial court therefore erred in denying

the defense's motion challenging those strikes under *Batson v. Kentucky*, 476 U.S. 79 (1986).

Doc. No. 1 at 7.

### 1.   *Procedural Default of Batson Claim*

Once again, Floyd presents a claim that is procedurally defaulted for purposes of

federal habeas review.  Floyd failed to exhaust his *Batson* claim in the state courts, because

the Alabama Supreme Court struck his petition for writ of certiorari, for noncompliance with

Ala.R.App.P. 39(c)(2).  Any attempt by Floyd now to exhaust the claim in state court would

be barred.  Floyd does not establish "cause and prejudice" or "actual innocence" to excuse

his procedural default.  In state court, Floyd never raised a claim of ineffective assistance of

counsel premised on his counsel's failure to comply with Ala.R.App.P. 39(c)(2).

Consequently, he is barred from using a claim of ineffective assistance in this ground as a

basis for cause to excuse his procedural default of the underlying *Batson* issue.  *Edwards*,

529 U.S. at 451-52; *Henderson*, 353 F.3d at 896-97.

### 2.   *Williams v. Taylor Standard of Review*

Even if Floyd's *Batson* claim is not procedurally defaulted, he is not entitled to federal

habeas relief on the merits of this claim.  To prevail on this or any properly presented § 2254

claim that was adjudicated on the merits by the state courts, Floyd must show that a decision

by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding."  28 U.S.C. §2254(d)(1) and (2);[6] *see Williams v. Taylor*, 529 U.S. 362, 404-05 & 412-13 (2000).  A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result.  *Williams*, 529 U.S. at 405-06.  A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable.  *Id*. at 407.  "Federal habeas relief is available under the 'unreasonable application' standard only if the state court's application

_____

[6] Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1)   resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or
> >
> > (2)   resulted in a decision based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceedings.

14

of clearly established federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (citing *Williams*, 529 U.S. at 409).

Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price v. Vincent*, 538 U.S. 634, 639 (2003).

On direct appeal, the Alabama Court of Criminal Appeals rejected Floyd's claim that his *Batson* motion was erroneously denied by the trial court; in pertinent part, the appellate court found:

> Floyd claims that the trial court erred in denying his *Batson* motion. At trial, the State struck the three black veniremembers serving on the panel of 24. The trial court found that the defense had made a prima facia case of discrimination and requested explanations from the prosecutor.
>
>> "When the trial court has required a party to state reasons for the strikes, that party must articulate reasons that are clear, specific, and legitimate, that relate to the particular case, and that are nondiscriminatory. *Ex parte Bird*, 594 So. 2d 676, 679 (Ala. 1991); *Carter v. State*, 603 So. 2d 1137 (Ala. Crim. App. 1992); *Adkins v. State*, 639 So. 2d 515 (Ala. Crim. App. 1993), aff'd, 639 So. 2d 522 (Ala.), cert. denied, 513 U.S. 851, 115 S.Ct. 151, 130 L.Ed.2d 90 (1994). After race-neutral reasons have been articulated, the moving party can offer evidence showing that

those reasons are really a sham or pretext. *Ex parte Branch*, 526 So. 2d. at 625. On appeal, the trial court's ruling on the question whether the responding party offered legitimate race-neutral reasons will not be overturned unless it is clearly erroneous. *K.S. v. Carr*, 618 So. 2d 707, 710 (Ala. 1993), citing *Ex parte Branch*, 526 So. 2d at 622." *Ex parte Brooks*, 695 So. 2d 184, 190 (Ala. 1997).

The prosecutor gave the following reasons for striking the six jurors. Juror 73 was struck because that juror knew the defendant and a defense witness. Striking a veniremember because he knew the defendant or his family was a race-neutral reason for the strike. *Temmis v. State*, 665 So. 2d 953 (Ala. Crim. App. 1994). Striking a veniremember who knows or is related to a defense witness has been held race neutral. *Williams v. State*, 627 So. 2d 994, 999 (Ala. Crim. App. 1992). The prosecutor stated that Juror 53, a white male, was a sympathy strike because that juror had indicated to the court that he was going to lose pay. Striking a prospective juror who has indicated his or her desire not to serve is race neutral for purposes of *Batson*. *See Lewis v. State*, 659 So. 2d 183, 186 (Ala. Crim. App. 1994). Jurors 41 and 31 were struck because they had indicated that a relative had been arrested or involved in drugs. The fact that a juror has a family member prosecuted for criminal activity is a valid race-neutral reason. *Williams v. State*, 611 So. 2d 1119 (Ala. Crim. App. 1992). Jurors 38 and 21 had a prior arrest record. In addition to having a relative with criminal history, juror 41 also had previously been arrested although she did not inform the court of that matter when asked during voir dire. A veniremember's arrest record is a race-neutral reason for exercising a peremptory strike. *See Spencer v. State*, 659 So.2d 1000 (Ala. Crim. App. 1992). The trial court found the prosecutor's reasons to be sufficiently race-neutral and denied the *Batson* motion. We find that the trial court properly ruled that the prosecutor's reason for the state's strikes were race neutral and that Floyd has failed to offer any evidence or argument that the reasons. were a sham or pretext. Therefore, Floyd's *Batson* motion was properly denied.

Exh. D at 5-6.

The clearly established federal law on this issue is set forth in *Batson*, which requires a court to undertake a three-step analysis to evaluate equal protection challenges to a

16

prosecutor's use of peremptory challenges." *McGahee v. Alabama Dep't of Corrections*, 560 F.3d 1252, 1256 (11th Cir. 2009). "First, the trial court must determine whether the defendant has made a prima facie showing that the prosecutor exercised a peremptory challenge on the basis of race.... Second, if the showing is made, the burden shifts to the prosecutor to present a race-neutral explanation for striking the juror in question.... Third, the court must then determine whether the defendant has carried his burden of proving purposeful discrimination." *Rice v. Collins*, 546 U.S. 333, 338 (2006) (citations omitted); *see also Miller–El v. Cockrell*, 537 U.S. 322, 328-29 (2003) (similar).[7] The crucial third step requires evaluation of the "persuasiveness of the justification proffered by the prosecutor," with the ultimate burden of persuasion regarding racial motivation resting at all times with the opponent of the strike (in this case, Floyd). *Rice*, 546 U.S. at 338 (citation omitted); *see also Purkett v. Elem*, 514 U.S. 765, 767 (1995) ("If a race-neutral explanation is tendered, the trial court must then decide (step three) whether the opponent of the strike has proved purposeful discrimination."). "The credibility of the prosecution's explanation is to be evaluated considering the totality of the relevant facts, including whether members of a race were disproportionately excluded." *Parker v. Allen*, 565 F.3d 1258, 1271 (11th Cir. 2009) (citation

---

[7] Although the Alabama Court of Criminal Appeals in Floyd's case did not specifically cite *Batson* as the source of the three-step analysis, it cited other state court decisions citing *Batson* and applying *Batson*'s three-step analysis. A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002).

omitted).[8]

The Alabama Court of Criminal Appeals' rejection of Floyd's *Batson* claim was not contrary to actual Supreme Court decisions, and Floyd points to no Supreme Court case involving facts materially indistinguishable from those in his case but reaching a different result. Therefore, this court must turn to the question of whether the state court's rejection of Floyd's *Batson* claim involved "an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In determining whether the state court's decision involved an unreasonable application of the law as set forth in *Batson*, this court need not decide whether it would have reached the same result as the state court when deciding the issue in the first instance. *Williams,* 529 U.S. at 411 ("Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."); *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

The Eleventh Circuit has remarked that "a *Batson* claim at habeas is often analyzed

---

[8] "Questions arise regarding the credibility of the explanation and the possibility that the explanation is pretextual (1) when the prosecutor's explanation for a strike is equally applicable to jurors of a different race who have not been stricken; (2) upon a comparative analysis of the jurors struck and those who remained, including the attributes of the white and black venire members; (3) or when the prosecution fails to engage in a meaningful voir dire examination on a subject that it alleges it is concerned." *Parker*, 565 F.3d at 1271 (citations omitted).

under AEDPA § 2254(d)(2), and is only granted if it was unreasonable to credit the prosecutor's race-neutral explanations." *McGahee*, 560 F.3d at 1256 (citations and internal quotation marks omitted). Moreover, in performing its habeas review function of Floyd's *Batson* claim, this court bears in mind that "[s]tate-court factual findings ... are presumed correct; the petitioner has the burden of rebutting the presumption by clear and convincing evidence." *Rice*, 546 U.S. at 338–39 (internal quotation marks omitted).

The Alabama Court of Criminal Appeals' determination that the trial court did not err in finding that the prosecutor gave sufficiently race-neutral reasons for the State's peremptory strikes and that Floyd failed to offer evidence or argument suggesting that those reasons were pretextual was not objectively unreasonable. The prosecutor's stated reasons were race neutral and sufficient in themselves to justify striking the jurors in question. Floyd points to no factual basis for attributing pretext to the prosecutor's justifications for exercising the peremptory strikes. Thus, there was no *Batson* error as to these jurors.

The court finds that Floyd has not met his burden to show that the state court's application of the law was objectively unreasonable or that the state court's corresponding factual determinations were incorrect by clear and convincing evidence. Floyd is not entitled to federal habeas relief based on this claim.

## D. Ineffective Assistance of Counsel Claims

Floyd asserts claims of ineffective assistance of trial counsel in his § 2254 habeas petition that are interconnected with various underlying substantive claims presented in the

petition, as well as with a claim of ineffective assistance of appellate counsel also presented in the petition. *See* Doc. No. 1 at 7-9 & 16. In his Rule 32 petition filed in state court, Floyd presented several claims of ineffective assistance of appellate counsel based on his appellate counsel's failure to assert certain claims of ineffective assistance of trial counsel. The state courts' disposition of Floyd's claims of ineffective assistance of appellate counsel are discussed below. Because of the interconnectedness of Floyd's claims, this discussion also addresses Floyd's allegations of his trial counsel's deficient performance as well as the related underlying substantive claims.

### 1.   *Appellate Counsel's Failure to Raise Prosecutorial Misconduct Claim on Appeal*

In his Rule 32 petition, Floyd claimed that his appellate counsel was ineffective for failing to argue on appeal that the prosecutor committed misconduct when asking a police officer during trial if Floyd knew the officer prior to his arrest. Exh. H at 16-19. In its written order denying Floyd's Rule 32 petition, the trial court found as follows with regard to this claim:

> Petitioner's first argument is that Ms. Brown, his appellate counsel, rendered him ineffective assistance due to the fact that she did not raise the issue of prosecutorial misconduct on appeal. The prosecutorial misconduct allegedly took place when the Chief Assistant District Attorney, Hon. David Glanzer, asked a police officer whether he knew if the Defendant knew him prior to his arrest. Apparently, this testimony served to support the fact that the Defendant ran from the officer. The Defendant's counsel objected to the officer testifying to what he thought the Defendant knew. The Court sustained the objection. Then Mr. Glanzer apparently said, "unless you have knowledge that he knew you." At this time the officer said that the Defendant knew who he was. In response, the Court instructed the jury to disregard the testimony

20

as to what the Defendant knew.

> [The] ineffective assistance standard requires deficiency plus prejudice. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the [ ] ... sentence resulted from a breakdown in the adversar[ial] process that renders the result unreliable." *Id.* at 687.

> Upon consideration of this matter, the Court believes the claim is without merit and does not entitle the Petitioner to relief. There is no adverse ruling from which appellate counsel could have appealed since the trial counsel's objection was sustained and a limiting instruction was given, and the Petitioner has not shown any prejudice that the testimony might have caused.

Exh. H at 71-72.

In its memorandum opinion affirming the trial court's denial of Floyd's Rule 32 petition, the Alabama Court of Criminal Appeals adopted the trial court's findings as part of its opinion and applied *Strickland v. Washington*, 466 U.S. 668 (1984), in determining that the trial court correctly denied Floyd relief on his claim that his appellate counsel was ineffective for failing to argue prosecutorial misconduct on appeal. Exh. J at 2-6. *Strickland* sets forth the clearly established federal law on this issue and requires that a petitioner alleging ineffective assistance of counsel establish that his counsel's performance was deficient and that he was actually prejudiced by the inadequate performance. *Strickland*, 466 U.S. 668.

21

The elements to be considered are as follows:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687.  Thus, a petitioner must demonstrate that his counsel's performance "fell below an objective standard of reasonableness," *id*. at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  "Establishing these two elements is not easy:  'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'"  *Van Poyck v. Florida Dep't of Corrections*, 290 F.3d 1318, 1322 (11th Cir. 2002) (quoting *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995)).

An ineffective assistance of counsel claim is examined under the "totality of the circumstances."  *House v. Balkcom*, 725 F.2d 608, 615 (11th Cir.1984).  An attorney's performance is presumed to have been reasonable and must not be examined with the aid of judicial hindsight.  *Messer v. Kemp*, 760 F.2d 1080, 1088 (11th Cir. 1985).  A federal court must apply a "heavy measure of deference to counsel's judgments."  *Singleton v. Thigpen*, 847 F.2d 668, 670 (11th Cir. 1988) (quoting *Strickland*, 446 U.S. at 691).

Floyd has not met the heavy burden of showing deficient performance and prejudice

22

with regard to this allegation of ineffective assistance of his appellate counsel. Trial counsel's objection to the prosecutor's question regarding what the police officer thought Floyd knew was sustained, and the trial court gave the jury prompt curative instructions to disregard the testimony as to what Floyd knew. Exh. H at 16. It is normally presumed that "a jury will follow an instruction to disregard inadmissible evidence unless there is an overwhelming probability that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be devastating to the defendant." *Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987) (internal quotation marks and citations omitted). Floyd has not shown any prejudice that the objected-to testimony might have caused, much less that the testimony had a substantial and injurious effect or influence on the jury's verdict. Consequently, he is not entitled to habeas relief based on this claim.

Accordingly, the court finds that the decision of the Alabama Court of Criminal Appeals was a reasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2), and that the state courts rendered a decision that is neither contrary to, nor an unreasonable application of, clearly established federal law, *see* 28 U.S.C. § 2254(d)(1). Therefore, Floyd's claim that his appellate counsel was ineffective for failing to raise the issue of prosecutorial misconduct on appeal is without merit.

## 2.    *Failure to Object to Improper Closing Argument*

In his Rule 32 petition, Floyd also claimed that his appellate counsel was ineffective for failing to argue on appeal that his trial counsel was ineffective for failing to object to the

prosecutor's allegedly improper closing argument. Exh. H at 27-30.  During closing argument, the prosecutor referred to testimony for the defense by Floyd's girlfriend in which she suggested that Floyd's arrest and prosecution were in retaliation for her and Floyd's giving federal grand jury testimony that led to the indictment of an Auburn Police Officer for taking bribes.[9] *Id*. at 50-51; *see also id*. at 47-48.  After questioning whether Floyd and his girlfriend's participation in the grand jury proceedings meant that they were involved in giving the bribes, the prosecutor argued that the bribery prosecution of the Auburn Police Officer had nothing to do with Floyd's case and nothing to do with the officers who arrested Floyd.  *Id*. at 51.  In its written order denying Floyd's Rule 32 petition, the trial court found as follows with regard to this issue:

> [O]n the issue of the prosecutor's closing argument, the Court does not believe the Petitioner's trial counsel was ineffective for failing to object to statements made by the prosecutor in closing argument.  The record reveals that the defense was allowed to present testimony regarding the issue of whether the prosecution of the Defendant was in retaliation for his girlfriend's testimony that led to the indictment of an Auburn Police Officer.  The prosecutor's arguments in closing seem to have been in response to that issue, and the Court recognizes that a prosecutor is allowed to argue every inference arising from the evidence and to refute any argument made by the defense.  Moreover, even if the comments had been improper, they surely did not infect the trial as to render the conviction a denial of due process.  In *Simmons v. State*, the Alabama Court of Criminal Appeals held that "The relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'  Comments made by the prosecutor must be evaluated in the context of the whole trial."  *Simmons v. State*, 797 So. 2d 1134, 1162 (Ala. Crim. App. 1999).

---

[9] Prior to the prosecutor's remarks in this regard during closing arguments, Floyd's counsel had pointed to the testimony of Floyd's girlfriend and argued to the jury that Floyd may have been arrested and prosecuted in the instant case in retaliation for the grand jury testimony.  Exh. H at 61.

Exh. H at 71-72.  In agreeing with the trial court that Floyd was not entitled to relief based on this claim, (after adopting the trial court's relevant findings), the Alabama Court of Criminal Appeals found that Floyd's counsel had no legal basis for an objection to the prosecutor's remarks and noted that counsel cannot be ineffective for failing to make a baseless objection.  Exh. J. at 6.

Having reviewed the record, this court agrees with the Alabama Court of Criminal Appeals that Floyd fails to establish that his appellate counsel was ineffective in violation of the governing standards found in *Strickland* for failing to argue that his trial counsel was ineffective for failing to object to the prosecutor's allegedly improper closing argument.  The Alabama Court of Criminal Appeals' determination that Floyd's appellate counsel did not render ineffective assistance is grounded in its finding that trial counsel was also not ineffective in this regard.  To prevail on this claim of ineffective assistance of counsel, Floyd bears the burden of establishing by a preponderance of the evidence that his counsel's performance was deficient and that he was actually prejudiced by the inadequate performance.  *Strickland*, 466 U.S. 668.  Floyd does not meet this burden.

Accordingly, the court finds that the decision of the Alabama Court of Criminal Appeals was a reasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2), and that the state courts rendered a decision that is neither contrary to, nor an unreasonable application of, clearly established federal law.  *See* 28 U.S.C. § 2254(d)(1). Therefore, Floyd is not entitled to habeas relief based on this claim.

### 3.    *Failure to Challenge Chain of Custody of Drug Evidence*

Floyd claimed in his Rule 32 petition that his appellate counsel was ineffective for failing to argue on appeal that his trial counsel was ineffective for failing to challenge the chain of custody of the drug evidence. Exh. H at 19-27. In this regard, Floyd argued that the differences in the weight of the crack cocaine when weighed by a police officer at the scene of its seizure and later when weighed at the testing laboratory was evidence of a break in the chain of custody. The police officer testified that the crack cocaine, when weighed at the scene, was 33.2 grams, while an analyst for the Alabama Department of Forensic Sciences testified that there were 30 grams of crack cocaine. In its written order denying Floyd's Rule 32 petition, the trial court found as follows with regard to this issue:

> [I]t seems clear to this Court that trial counsel did not render ineffective assistance by failing to object to the chain of evidence. The transcript reveals that there was no missing link in the chain, and the Petitioner has not shown otherwise. The fact that the evidence was submitted to the custody and control of Sherwin Boswell [an employee of the Alabama Department of Forensic Sciences] by placing it in a secure locker provided proof of the disposition of the evidence from collection to court. The issue regarding the discrepancy in the weight of the evidence was a matter for the jury to reconcile and was sufficiently explained by the state's witnesses. Moreover, under § 12-21-13 Code of Alabama, 1975,
>
> > "physical evidence connected with or collected in the investigation of a crime shall not be excluded from consideration by a jury or court due to a failure to prove the chain of custody of the evidence. Whenever a witness in a criminal trial identifies a physical piece of evidence connected with or collected in the investigation of a crime, the evidence shall be submitted to the jury or court for whatever weight the jury or court may deem proper."

Upon consideration of this matter, the Court believes the claim is without merit and does not entitle the Petitioner to relief.

Exh. H at 71-72.

As noted, the Alabama Court of Criminal Appeals adopted the trial court's findings when holding that the trial court correctly rejected Floyd's claim that his appellate counsel was ineffective for failing to argue this issue on appeal.  Exh. J at 3-6.  This court agrees with the Alabama Court of Criminal Appeals that Floyd fails to establish that his appellate counsel rendered ineffective assistance by failing to argue that trial counsel was ineffective for failing to challenge the chain of custody of the drug evidence.  Floyd fails to show that there was break or other deficiency in the chain of custody of the drug evidence.[10]  Because he fails to establish that his counsel's performance (either his trial or appellate counsel) was deficient in this regard and that he was actually prejudiced by the inadequate performance, he cannot prevail on this claim of ineffective assistance of counsel.  *Strickland*, 466 U.S. 668.

The court therefore finds that the decision of the Alabama Court of Criminal Appeals was a reasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2), and that the state courts rendered a decision that is neither contrary to, nor an unreasonable application of, clearly established federal law.  *See* 28 U.S.C. § 2254(d)(1).  Consequently, Floyd is not entitled to federal habeas relief based on this claim of ineffective assistance of counsel.

---

[10] For this reason, there is no merit to Floyd's substantive claim regarding a break in the chair of custody of the drug evidence.

### 4.      Failure to Present a "Fair Cross-section" Claim

In his Rule 32 petition, Floyd claimed that his appellate counsel rendered ineffective assistance on appeal for failing to argue that his trial counsel was ineffective for failing to object to the racial composition of the jury venire on the ground that it did not represent a fair cross-section of the community.  Exh. H at 31-33.  Floyd maintained that the venire excluded African-Americans in violation of his rights.  In its written order denying Floyd's Rule 32 petition, the trial court addressed this claim as follows:

> Finally, the Petitioner's claim that the racial composition of the jury venire violated his due process rights has no basis, and was not sufficiently supported by reference in his petition.  The Petitioner's argument has no basis absent some supported allegation [sic] that there was some error committed during voir dire because the Alabama Administrative Office of Courts provides a list of prospective jurors selected from a random makeup of the population.  As was cited, *supra*, the Petitioner has the burden of pleading and proving the facts which, if true, entitle him to relief.  He has not done so here.

Exh. H at 72-73.  Again, the Alabama Court of Criminal Appeals adopted the trial court's findings when holding that the trial court correctly rejected Floyd's claim that his appellate counsel was ineffective for failing to argue this issue on appeal.  Exh. J at 3-6.

This court agrees with the Alabama Court of Criminal Appeals that Floyd does not establish that his appellate counsel was ineffective for failing to argue that his trial counsel was ineffective for failing to raise a "fair cross-section" claim.  To establish a prima facie violation of the fair cross-section requirement, a defendant must prove that (1) a group qualifying as "distinctive" (2) is not fairly and reasonably represented in the jury venire, and (3) "systematic exclusion" in the jury selection process accounts for the under-representation.

*Duren v. Missouri*, 439 U.S. 357, 364 (1979).  Floyd fails to plead the percentage of African-Americans in the population of the community from which his jury venire was drawn, fails to allege or plead the specific jury selection process used, and fails to establish that the alleged under-representation of African-Americans on his venire was due to systematic exclusion of this group.[11]  Consequently, he does not meet his burden of establishing that his counsel's performance was deficient in this regard and that he was actually prejudiced by the inadequate performance.[12]  *Strickland*, 466 U.S. 668.

Accordingly, the court finds that the decision of the Alabama Court of Criminal Appeals was a reasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2), and that the state courts rendered a decision that is neither contrary to, nor an unreasonable application of, clearly established federal law.  *See* 28 U.S.C. § 2254(d)(1).  Floyd is not entitled to habeas relief based on this claim.

### 5.    *Raising Claims Not Preserved for Appellate Review*

Floyd contends that his appellate counsel rendered ineffective assistance of counsel on direct appeal by raising claims that were not preserved for appellate review.  Doc. No. 1 at 16.  This claim of ineffective assistance of counsel is not properly before the court for habeas review because it was never presented to the state courts.  Because Floyd cannot now return to the state courts to present this claim, it is procedurally defaulted.

---

[11] For these reasons, there is no merit to Floyd's substantive fair cross-section claim.

[12] Floyd demonstrates neither ineffective assistance of appellate counsel nor ineffective assistance of trial counsel.

### 6.      *Failure to Properly Challenge Sufficiency of the Evidence*

In his response to the respondent's answer to his habeas petition, Floyd asserts for the first time that his appellate counsel rendered ineffective assistance of counsel by failing to present proper arguments in his appellate brief in support of a challenge to the sufficiency of the evidence to sustain his convictions, and by instead presenting arguments that concerned the weight of the evidence.  Doc. No. 11 at 22. This claim of ineffective assistance of counsel is not properly before the court because it was never presented to the state courts. Because Floyd cannot now return to the state courts to present this claim, it is procedurally defaulted for purposes of federal review.

### 7.      *Failure to Present __Batson__ Motion*

Floyd contends that his trial counsel rendered ineffective assistance of counsel by failing to object to the racial discrimination in the selection of the trial jury.  Doc. No. 1 at 16.  Again, this claim of ineffective assistance of counsel is not properly before the court because it was never presented to the state courts, and it is procedurally defaulted because Floyd cannot return to the state courts to present such a claim.  Moreover, this claim it patently frivolous, because Floyd's trial counsel did in fact present a *Batson* motion in the trial court alleging racial discrimination by the prosecution in its use of peremptory strikes.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Floyd be denied and that this case be dismissed with

prejudice. It is further

ORDERED that on or before **December 18, 2012,** the parties shall file objections to the said Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 4th day of December, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE